UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

EDWARD HALL,

        Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

        Defendant.

Case No. 3:13-cv-01547-HA

OPINION AND ORDER

HAGGERTY, District Judge:

        Plaintiff Edward Hall seeks judicial review of a final decision by the Acting Commissioner of the Social Security Administration denying his application for Supplemental Security Income (SSI) benefits. This court has jurisdiction to review the Acting Commissioner's decision under 42 U.S.C. § 405(g). After reviewing the record, this court concludes that the Acting Commissioner's decision must be REVERSED and REMANDED for an award of benefits.

OPINION AND ORDER - 1

## STANDARDS

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520, 416.920.

First, the Commissioner determines whether the claimant is engaged in SGA. If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to the second step and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe." 20 C.F.R. § 404.1520(a). If the claimant lacks this kind of impairment, disability benefits are denied. 20 C.F.R. § 404.1520(c). If at least some of the claimant's impairments are severe, the Commissioner proceeds to the third step to determine whether the impairment or impairments are equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA. *See* 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments or the Listings). The Listings describe impairments which qualify as severe enough to be construed as *per se* disabling. 20 C.F.R. §§ 404.1525, 416.925; *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999).

The claimant has the burden of producing medical evidence that establishes all of the requisite medical findings for a listed impairment. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). If the claimant's condition meets or

OPINION AND ORDER- 2

equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not one that is presumed to be disabling, the Commissioner determines the claimant's residual functional capacity (RFC), which is the most an individual can do in a work setting despite the total limiting effects of all his or her impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and Social Security Ruling 96-8p.

The Commissioner then proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past. If the claimant is able to perform his or her former work, a finding of "not disabled" is made and disability benefits are denied. *See* 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step and determines if the claimant can perform other work in the national economy in light of his or her RFC, age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof at steps one through four. Accordingly, the claimant bears the initial burden of establishing his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her RFC, age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act. 20 C.F.R. § 404.1520(f)(1). If the Commissioner meets this burden, the claimant is deemed not disabled for purposes of determining benefits

OPINION AND ORDER- 3

eligibility. 20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on the proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).

When reviewing the decision, the court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998). If, however, the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision, the decision must be set aside. *Id.* at 720.

## DISCUSSION

In this matter, the government concedes that the Administrative Law Judge (ALJ) erred in evaluating whether plaintiff meets the criteria for Listing 12.05C. The parties agree that this case should be reversed and remanded and agree that this court has discretion to decide whether the remand should be for an immediate award of benefits or for further proceedings. 42 U.S.C. § 405(g) (sentence four); *Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000). Plaintiff contends that this matter should be remanded for benefits while the government requests that it be remanded for further proceedings.

OPINION AND ORDER- 4

The ALJ found that plaintiff's impairments did not meet or equal Listing 12.05C, however, the ALJ failed to adequately explain his reasoning and failed to consider lay witness statements. Listing 12.05 addresses intellectual disability and pertains to "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Part 404, Subpart P, Appendix 1, §12.05. Part C requires "a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function."

The ALJ acknowledged that plaintiff has deficits in intellectual and adaptive functioning but concluded that his impairments did not meet Listing 12.05C because plaintiff did "not have a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment." Tr. 28.[1] The ALJ noted that plaintiff was assessed by Elaine Greif, Ph.D, in 2002 and that she concluded that plaintiff had a verbal IQ of 70, a performance IQ of 65, and a full scale IQ of 65. Doctor Grief concluded that the scores were valid and that plaintiff had fully cooperated with the testing protocol. At the time, Dr. Greif was aware that plaintiff used alcohol and marijuana on a regular basis. The only reasons provided by the ALJ for rejecting Dr. Greif's testing was that the tests may have been influenced by plaintiff's use of drugs and alcohol and because Dr. Greif did not perform formal literacy testing.

The parties appear to agree that the literacy testing was unnecessary for purposes of Listing 12.05C. The parties also agree that if plaintiff's use of drugs and alcohol had indeed affected plaintiff's IQ testing, the proper remedy was for the ALJ to find that plaintiff was

---

[1] "Tr." refers to the Transcript of the Administrative Record.

OPINION AND ORDER- 5

disabled and then to conduct a drug and alcohol analysis to determine whether substance use was material to the finding of disability. 20 C.F.R. § 416.935. The record as a whole clearly demonstrates that plaintiff meets all criteria under Listing 12.05C in the event that the IQ scores were valid scores and not materially affected by plaintiff's use of alcohol and marijuana. The only question presented is whether to remand the matter for renewed testing or for a drug and alcohol analysis on the basis that plaintiff's initial IQ scores "may have been affected" by his use of drugs and alcohol.

In light of the fact that Dr. Greif was fully aware of plaintiff's drug and alcohol use at the time of the testing, that it does not appear that plaintiff was under the influence of drugs or alcohol at the time of testing, and that Dr. Greif concluded the testing was valid, there is no purpose in remanding for further proceedings. The record is adequately developed and demonstrates that plaintiff meets all criteria for Listing 12.05C. Accordingly, this matter is remanded for an immediate award of benefits.

## CONCLUSION

For the reasons provided, this court concludes that the decision of the Acting Commissioner denying Edward Hall's application for SSI must be REVERSED AND REMANDED for an immediate award of benefits.

IT IS SO ORDERED.

DATED this 4 day of September, 2014.

Ancer L. Haggerty
United States District Judge

OPINION AND ORDER- 6